Battle. J.
 

 The will, which we are called upon to construe, is certainly inartificially drawn, and some c®f its terms are somewhat obscure, but we think that enough appears to show that the construction, contended for by the plaintiffs, is correct. The land, in controversy, was given to the testator’s son, Da
 
 *260
 
 vid, for life, and the daughters, who were living on the premises at the téstator’s death, were to have it for life also, provided they remained single'and survived David. But they married and left the premises ; so this life-estate was defeated by the condition annexed. The only other devise of the land is to the male heirs of the testator’s son, Daniel, which, as Daniel has, as yet, no son, remains an executory one. The consequence-is, that as the life-estates given, have terminated by the death of David and the marriage of the daughters, the land belongs to the heirs-at-law of the testator, subject to the executory devise in favor of the heirs-at-law of Daniel- Mc-Neill. Such being the case, the Court cannot order a sale, because it cannot defeat the executory devise and-convey a good title in fee simple to the purchaser.
 
 Watson
 
 v.
 
 Watson, 3
 
 Jones’ Eq. 400.
 

 That, however, does not deprive the plaintiffs of the right to have a partition of the land, and if the bill contained either a specific prayer in the alternative, for that purpose, or -even a prayer for relief generally, we should not ¿esitate to order a partition among the parties specifically, but in the absence of any such prayer, we would not be justified in ordering what the parties have not asked, and what, so far as we know, they do not want.
 

 We must, therefore, sustain the demurrer and dismiss the bill, but it is without prejudice to the right of the plaintiffs to file a bill for a partition of the land according to their interest in the same.
 

 Pee CueiáM, Bill dismissed.